UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RM TRANSNATIONAL LTD., | : CIVIL ACTION NO. 1:25-CV-14666 |
| Plaintiff, | : |
| v. | : **DOCUMENT FILED ELECTRONICALLY** |
| CRAGIN & PIKE, INC. and PRIME PROPERTY INSURANCE, INC., | : **ANSWER TO COMPLAINT AND CROSSCLAIMS** |
| Defendants. | : |

Defendant, Cragin & Pike, Inc. ("C&P"), by way of answer to the complaint of plaintiff, RM Transnational Ltd. ("RMT"), states as follows:

## AS TO THE NATURE AND BACKGROUND OF THIS ACTION

1. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

## AS TO THE PARTIES

2. Admitted based on information and belief.

3. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied. Answering further, C&P states that RMT engaged C&P to place certain insurance and, upon RMT's request, to report certain claims

4. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

5. C&P admits, based upon information and belief, that Prime is a surplus lines

insurance company that markets and sells insurance products throughout the United States, including in New Jersey, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

6. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

7. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

## **AS TO THE INSURANCE POLICY**

8. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

10. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

11. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

12. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

13. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

14. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

15. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

16. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

17. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

18. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

19. This paragraph sets forth a legal conclusion that does not require a response.

20. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

## AS TO THE INCIDENT AT ISSUE

21. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

22. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

23. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

24. Admitted based on information and belief.

25. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph except that C&P was aware that RMT

attempted to add Otuoyo as a Scheduled Driver after the Accident.

26. Admitted.

27. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

28. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

29. Admitted based on information and belief.

30. This paragraph refers to written material that speaks for itself. C&P refers RMT to that written material to ascertain its precise terms and conditions.

31. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

32. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

## AS TO PRIME'S DENIAL OF INSURANCE COVERAGE

33. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

34. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

35. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

36. This paragraph sets forth a legal conclusion that does not require a response.

37. This paragraph sets forth a legal conclusion that does not require a response.

38. This paragraph sets forth a legal conclusion that does not require a response.

39. This paragraph sets forth a legal conclusion that does not require a response.

40. Denied.

## AS TO THE FIRST CAUSE OF ACTION
(Professional Negligence against C&P)

41. C&P repeats and realleges its responses to the allegations of the complaint and incorporates the same herein as if set forth at length.

42. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

43. Denied.

44. Denied.

45. This paragraph sets forth a legal conclusion that does not require a response.

**WHEREFORE**, Defendant, Cragin & Pike, Inc., hereby demands judgment dismissing the Complaint with prejudice together with costs of suit, interest and counsel fees and such other and further relief as the Court deems just and proper.

## AS TO SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty against C&P)

46. C&P repeats and realleges its responses to the allegations of the complaint and incorporates the same herein as if set forth at length.

47. This paragraph sets forth a legal conclusion that does not require a response.

48. C&P lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

49. Denied.

#123673822v1

50. This paragraph sets forth a legal conclusion that does not require a response.

**WHEREFORE**, Defendant, Cragin & Pike, Inc., hereby demands judgment dismissing the Complaint with prejudice together with costs of suit, interest and counsel fees and such other and further relief as the Court deems just and proper.

### AS TO THIRD COUNT
(Breach of Duty to Defend)

51. C&P repeats and realleges its responses to the allegations of the complaint and incorporates the same herein as if set forth at length.

52. The allegations set forth in this paragraph are vague, argumentative and not susceptible to a precise factual response. To the extent this paragraph implies any wrongdoing on the part of C&P, the allegations are denied.

**WHEREFORE**, Defendant hereby demands judgment dismissing the Complaint with prejudice together with costs of suit, interest and counsel fees and such other and further relief as the Court deems just and proper.

### AS TO FOURTH COUNT
(Breach of Contract)

53. C&P repeats and realleges its responses to the allegations of the complaint and incorporates the same herein as if set forth at length.

54. This paragraph sets forth a legal conclusion that does not require a response.

**WHEREFORE**, Defendant, Cragin & Pike, Inc., hereby demands judgment dismissing the Complaint with prejudice together with costs of suit, interest and counsel fees and such other and further relief as the Court deems just and proper.

### SEPARATE DEFENSES

### FIRST DEFENSE

#123673822v1

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, are the result of the Plaintiff's own actions or inactions.

## THIRD DEFENSE

Plaintiff's claims may be barred or its damages may be reduced under the doctrines of contributory negligence and/or comparative negligence, pursuant to applicable law, including but not limited to N.J.S.A. 2A:15-5.1, et seq.

## FOURTH DEFENSE

Plaintiff's claims may be barred or its alleged damages may be reduced to the extent the Plaintiff failed to mitigate damages or by the doctrine of avoidable consequences.

## FIFTH DEFENSE

Plaintiff's damages, if any, were caused by or were the result of the actions or inactions of other parties over whom C&P had no control or right of control.

## SIXTH DEFENSE

Plaintiff's damages, if any, may have been proximately caused by the independent, superseding and intervening acts of parties and entities other than C&P.

## SEVENTH DEFENSE

Plaintiff suffered no loss or damage by reason of any alleged actions or omissions of C&P.

## EIGHTH DEFENSE

Plaintiff's claims against C&P may be barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, set-off and/or recoupment.

## NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the statute of limitations and/or the entire controversy doctrine.

## TENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of claim preclusion and issue preclusion.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata.

## TWELFTH DEFENSE

Plaintiff's claims are frivolous and are being asserted in violation Fed. R. Civ. P. 11.

## THIRTEENTH DEFENSE

Plaintiff has failed to plead fraud with the particularity required by the Rules of Civil Procedure.

## FOURTEENTH DEFENSE

C&P reserves the right to add additional defenses as discovery progresses.

**WHEREFORE**, Defendant, Cragin & Pike, Inc., hereby demands judgment dismissing the Complaint with prejudice together with costs of suit, interest and counsel fees and such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS

Defendant, Cragin & Pike, Inc. ("C&P"), by way of cross-claims against all other parties (the "co-parties") now in this action or added later, states as follows:

## COUNT ONE
### (CONTRIBUTION)

1.  C&P repeats and realleges its responses to the allegations of the complaint and incorporates the same herein as if set forth at length.

2. Without admitting any liability whatsoever to the plaintiff, C&P asserts a claim for contribution against all co-parties named in this pleading or hereinafter named pursuant to the New Jersey Joint Tortfeasors Contribution Act and the New Jersey Comparative Negligence Act.

**WHEREFORE**, C&P hereby demands judgment for contribution against all other co-parties named in this pleading or hereinafter named for any and all sums of money which may be found due and owing, together with counsel fees and costs of suit.

### COUNT TWO
### (INDEMNIFICATION)

1. C&P repeats and realleges its responses to the allegations of the complaint and incorporates the same herein as if set forth at length.

2. C&P denies that it is liable to the plaintiff but states that, should it be adjudged liable, any such liability is vicarious in nature as compared to the actual liability of all other co-parties named in this pleading or hereinafter named.

**WHEREFORE**, C&P hereby demands judgment for indemnification against all other co-parties named in this pleading or hereinafter named for any and all sums of money which may be found due and owing, together with counsel fees and costs of suit.

### DENIAL OF ALL CROSS-CLAIMS/COUNTERCLAIMS

C&P hereby denies any and all crossclaims and/or counterclaims which have been or may be filed against it by any party to this action.

### REQUEST FOR ALLOCATION

If any party settles prior to trial, C&P will seek an allocation of the percentage of negligence by the fact finder against the settling party. C&P will seek this allocation, whether or not it has formally filed a cross-claim against the settling party. C&P shall rely upon the materials produced in discovery and the evidence introduced at trial in support of the allegations. You are being apprised of our intent in this regard pursuant to Young v. Latta, 123 N.J. 584 (1991).

#123673822v1

## **JURY DEMAND**

C&P demands a trial by jury on all issues and claims so triable.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Attorneys for Defendant,
Cragin & Pike, Inc.

DATED: September 11, 2025

By: ___/s/ Jason S. Feinstein_____
    MARSHALL D. BILDER
    JASON S. FEINSTEIN

Marshall D. Bilder, Esq.
(Attorney I.D. 030521989)
Jason S. Feinstein, Esq.
(Attorney I.D. 038941994)
Physical Address: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
Mailing Address: P.O. Box 5404, Princeton, NJ 08543
Phone: (609) 392-2100
Fax: (609)-392-7956
mbilder@eckertseamans.com
jfeinstein@eckertseamans.com