Dimitri Teresh (Bar No. 90325 2012)
Eugene Killian, Jr. (Bar No. 00208 1990)
**THE KILLIAN FIRM, P.C.**
Tindall Executive Suites
107 Tindall Road
Middletown, NJ 07748
Ph: (732) 912-2100
Fax: (732) 912-2101
dteresh@tkfpc.com
ekillian@tkfpc.com
*Attorneys for Third-Party Defendant and*
*Third-Party Counterclaimant Manal William*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RM TRANSNATIONAL LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> CRAGIN & PIKE, INC. and PRIME PROPERTY & CASUALTY INSURANCE, INC., <br><br> *Defendants.* | CIVIL ACTION NO. 2:25-cv-14666-MCA-SDA <br> *Hon. Madeline Cox Arleo, U.S.D.J.* <br> *Hon. Stacey D. Adams, U.S.M.J.* |
| PRIME PROPERTY & CASUALTY INSURANCE, INC., <br><br> *Third-Party Plaintiff and Third-Party Counterdefendant,* <br><br> v. <br><br> MANAL WILLIAM, <br><br> *Third-Party Defendant and Third-Party Counterclaimant.* | **ANSWER OF THIRD-PARTY DEFENDANT MANAL WILLIAM TO THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND** |

1

Third-Party Defendant and Third-Party Counterclaimant Manal William ("William"), by way of Answer to the Third-Party Complaint of Defendant/Third-Party Plaintiff and Third-Party Counterdefendant Prime Property & Casualty Insurance, Inc. ("Prime"), states as follows:

### AS TO "THE PARTIES"

1. Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same, except admits, upon information and belief, that Prime is an insurance company that issued the policy referenced in the Third-Party Complaint.

2. Admitted upon information and belief.

3. Admitted that Third-Party Defendant is a citizen of Ontario, Canada with a principal residence in Markham, Ontario, Canada.

### AS TO "FACTUAL ALLEGATIONS"

**A.    The Prime Policy**

4. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

5. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7.      The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8.      The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

9.      The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

10.      The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

11.      The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

12.      The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

13. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

14. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

15. Admitted that Third-Party Defendant signed a Receipt Form in his capacity as a representative of RM Transnational Ltd. ("RMT") on the date reflected on the document. Third-Party Defendant denies that his signature was given in any capacity other than as a representative of RMT. The document otherwise speaks for itself and Third-Party Defendant respectfully refers the Court to it.

16. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

17. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

18. Admitted.

4

19. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

20. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

21. Admitted that Third-Party Defendant signed a Personal Guarantee and Indemnity Agreement ("PGIA") on or about March 16, 2023, in his capacity as a representative of RMT. Third-Party Defendant denies that the PGIA was knowingly executed in his individual capacity or that any purported personal undertaking is enforceable against him personally for the reasons set forth in the affirmative defenses and counterclaims below. The PGIA otherwise speaks for itself, and Third-Party Defendant respectfully refers the Court to it for its precise terms.

22. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

23. Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

24. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the

extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied. Otherwise, Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

25. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

26. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

27. The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

28. Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

29. Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

30. Admitted upon information and belief that on or about January 5, 2024, an accident occurred involving a 2017 Prevost bus operated by Isaac Otuoyo on Interstate 287. Third-Party

Defendant lacks knowledge or information sufficient to form a belief as to the precise location of the accident relative to Lake George, New York, and the precise mechanism by which control of the bus was lost, and on that basis denies the remaining allegations.

31.     Admitted upon information and belief that the bus was traveling with passengers between Montreal, Canada, and New York, New York. Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the precise passenger count and on that basis denies the remaining allegations.

32.     Admitted upon information and belief that the accident resulted in at least one fatality and other passenger injuries. Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the specific identities, total number, or extent of injuries beyond what has been alleged in related actions, and on that basis denies the remaining allegations.

33.     Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

34.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

35.     Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

36.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the

7

extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

37.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

38.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

39.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

### AS TO THE "FIRST CAUSE OF ACTION"

Third-Party Defendant notes that the First Cause of Action is directed at Plaintiff RM Transnational Ltd. and Issac Otuoyo, not at Third-Party Defendant. To the extent the allegations are deemed directed at Third-Party Defendant, he responds as follows:

40.     Third-Party Defendant incorporates by reference his responses to all preceding paragraphs as if fully set forth herein.

41.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the

extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

42.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

43.     The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

44.     The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, to the extent any relief is sought against Third-Party Defendant in the First Cause of Action, Third-Party Defendant respectfully requests that this Court enter judgment dismissing the First Cause of Action as against him with prejudice, and grant such further relief as the Court deems just and proper, together with attorneys' fees and costs of suit.

## AS TO THE "SECOND CAUSE OF ACTION"

The Second Cause of Action is directed at Plaintiff RMT only; no response from Third-Party Defendant is required. To the extent a response is required:

45.     Third-Party Defendant incorporates by reference his responses to all preceding paragraphs as if fully set forth herein.

46.     The allegations of this paragraph are not directed at Third-Party Defendant and therefore no response is required. To the extent a response is required, Third-Party Defendant

9

denies the allegations to the extent they imply any wrongdoing on his part, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

WHEREFORE, to the extent any relief is sought against Third-Party Defendant in the Second Cause of Action, Third-Party Defendant respectfully requests that this Court enter judgment dismissing the Second Cause of Action as against him with prejudice, together with attorneys' fees and costs of suit.

## AS TO THE "THIRD CAUSE OF ACTION"

47.     Third-Party Defendant incorporates by reference his responses to all preceding paragraphs as if fully set forth herein.

48.     The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49.     The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Third-Party Defendant further denies that he is personally obligated under the PGIA, that the underlying loss qualifies as a "Non-Covered Claim," that any condition precedent to indemnification has been satisfied, and that Prime has performed its obligations to Third-Party Defendant under the policy and at law.

WHEREFORE, Third-Party Defendant respectfully requests that this Court enter judgment dismissing the Third Cause of Action as against him with prejudice, and grant such further relief as the Court deems just and proper, together with attorneys' fees and costs of suit.

## AS TO THE "FOURTH CAUSE OF ACTION"

50.     Third-Party Defendant incorporates by reference his responses to all preceding paragraphs as if fully set forth herein.

51.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

52.     Third-Party Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

53.     Admitted that under New Jersey law, every contract contains an implied covenant of good faith and fair dealing. Third-Party Defendant denies that he personally entered into the Prime Policy or the PGIA in his individual capacity, denies that he owed any individual duty of good faith and fair dealing to Prime, and further denies any breach of the implied covenant by him in any capacity. The remaining allegations are denied.

54.     The paragraph references a written document; the document speaks for itself, and Third-Party Defendant respectfully refers the Court to that document for its precise terms. To the extent the paragraph mischaracterizes the document or implies wrongdoing on the part of Third-Party Defendant, the allegations are denied.

55.     Denied.

56.     Denied.

WHEREFORE, Third-Party Defendant respectfully requests that this Court enter judgment dismissing the Fourth Cause of Action as against him with prejudice, and grant such further relief as the Court deems just and proper, together with attorneys' fees and costs of suit.

## GENERAL DENIAL

Third-Party Defendant denies each and every allegation of the Third-Party Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without conceding that Third-Party Defendant bears the burden of proof on any of the following defenses, Third-Party Defendant asserts the following affirmative defenses and reserves the right to assert additional defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against Third-Party Defendant upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Third-Party Defendant signed the documents referenced in the Third-Party Complaint solely in his capacity as a representative of RMT, not in his individual capacity, and is therefore not personally liable for any of the obligations alleged.

## THIRD AFFIRMATIVE DEFENSE

The Personal Guarantee and Indemnity Agreement referenced in the Third-Party Complaint is unenforceable against Third-Party Defendant, in whole or in part, for failure of consideration, lack of mutual assent, unconscionability, ambiguity to be construed against the drafter, and/or other equitable grounds to be developed through discovery.

## FOURTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, and/or unclean hands.

12

## FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims are barred, in whole or in part, by its own breach of the implied covenant of good faith and fair dealing, including by failing to provide adequate notice of policy terms, failing to administer the policy reasonably, and/or failing to satisfy conditions precedent to indemnification.

## SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime is not entitled to reimbursement or indemnification under the MCS-90B Endorsement against Third-Party Defendant personally because the MCS-90B Endorsement is a federally-mandated public protection mechanism whose reimbursement provisions do not extend to non-named, non-signatory third parties as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims fail because all conditions precedent to coverage, reimbursement, and indemnification were either satisfied or waived.

## EIGHTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims are barred in whole or in part by the applicable statute of limitations and/or contractual limitations period.

## NINTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's damages, if any, were caused or contributed to by the acts, omissions, negligence, or breaches of its own duties, or those of third parties for whom Third-Party Defendant is not responsible, and any recovery must be reduced or eliminated accordingly.

## TENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime has failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, set-off, and/or recoupment.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the PGIA contains forum selection, choice of law, or other procedural provisions purportedly applicable to Third-Party Defendant in his individual capacity, such provisions are unenforceable for the reasons stated in the Third Affirmative Defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims, in whole or in part, are barred or limited because Prime improperly issued, marketed, sold, or administered the policy in violation of applicable insurance laws and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff Prime's claims against Third-Party Defendant in his individual capacity are barred, in whole or in part, by the Statute of Frauds, including N.J.S.A. 25:1-15, because any alleged personal guaranty was not supported by a writing sufficient to satisfy the statute or by sufficiently conspicuous personal-guaranty terms reflecting Third-Party Defendant's individual undertaking.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Third-Party Defendant in his individual capacity. Third-Party Defendant is a citizen and resident of Ontario, Canada, with insufficient minimum contacts with the State of New Jersey or the United States to support the exercise of in personam jurisdiction over him personally. To the extent the PGIA purports to constitute consent to jurisdiction, such purported consent is unenforceable for the reasons stated in the Second and

Third Affirmative Defenses. Third-Party Defendant raises this defense now to preserve it pursuant to Fed. R. Civ. P. 12(h)(1) and reserves the right to seek dismissal on this ground.

## SIXTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant adopts and incorporates by reference the affirmative defenses asserted by Plaintiff RM Transnational Ltd. in this litigation insofar as they are not inconsistent with the defenses asserted herein.

## RESERVATION OF DEFENSES

Third-Party Defendant has not knowingly or intentionally waived any applicable defense and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of discovery in this matter, and reserves the right to amend his Answer accordingly and/or to delete defenses that he determines are not applicable during the course of subsequent discovery.

## COUNTERCLAIMS

Third-Party Defendant and Third-Party Counterclaimant Manal William ("William"), by way of Counterclaim against Defendant/Third-Party Plaintiff and Third-Party Counterdefendant Prime Property & Casualty Insurance, Inc. ("Prime"), alleges as follows:

## THE PARTIES

1.      William is a citizen of Ontario, Canada with his principal residence in the town of Markham, Ontario, Canada.

2.      Upon information and belief, Prime is an insurance company formed under the laws of the State of Illinois with a principal place of business in the State of Utah.

3.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1332 and 1367, as the Counterclaims arise from the same case or controversy as Prime's Third-Party Complaint and the original action over which this Court has original jurisdiction.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Prime's submission to this District by filing its Third-Party Complaint herein.

## FACTUAL ALLEGATIONS

6.      William incorporates by reference his responses to, and the allegations contained in, the Third-Party Complaint and the Complaint of Plaintiff RM Transnational Ltd. ("RMT") as if fully set forth herein.

7.      On or about March 16, 2023, Prime issued commercial business auto insurance policy number PC23031333 (the "Prime Policy") to RMT for a policy period of March 16, 2023 to March 16, 2024.

8.      The Prime Policy is a manuscript policy drafted by Prime that purports to limit coverage to "Scheduled Autos" operated by "Scheduled Drivers."

9.      In connection with the issuance of the Prime Policy, William signed a Policy Receipt Form and a Personal Guarantee and Indemnity Agreement (the "PGIA"), each in his capacity as a representative of RMT.

10.     The PGIA was drafted entirely by Prime. The purported "personal guarantee" language was set forth in inconspicuous boilerplate within a multi-page form contract presented for signature on a take-it-or-leave-it basis as a condition of the Prime Policy's issuance.

16

11.     William received no separate or independent consideration in exchange for any purported personal guaranty. The consideration for the PGIA flowed entirely to RMT in the form of issuance of the Prime Policy.

12.     The personal-guaranty provisions of the PGIA were not separately negotiated, separately bargained for, or separately consented to by William. Their structure, font, prominence, and contextual placement failed to provide adequate notice to William of personal liability exposure.

13.     On or about January 5, 2024, a Scheduled Auto under the Prime Policy was involved in an accident on Interstate 287 South in New York (the "Accident") while operated by Issac Otuoyo ("Otuoyo").

14.     Prime has denied coverage for the Accident, taking the position that Otuoyo was not a Scheduled Driver on the Prime Policy at the time of the Accident.

15.     Prime's position regarding coverage is improper for the reasons set forth in the Complaint of RMT, including (without limitation) that within three days of the Accident, Prime had accepted Otuoyo as a Scheduled Driver and accepted the premium for that addition.

16.     On October 14, 2025, Prime filed a Third-Party Complaint in this action against William personally, alleging that William is liable under the PGIA for any amounts Prime may be required to pay arising out of the Accident.

17.     Prime's attempt to enforce the PGIA's purported personal-guaranty provisions against William individually — for a loss that the Prime Policy should have covered, or that should have been covered had the Prime Policy been properly placed and administered — is contrary to

17

the reasonable expectations of the parties, contrary to the implied covenant of good faith and fair dealing, and contrary to public policy.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment — Scope of Duty to Defend; Personal Liability Under the PGIA — Against Prime)**

18.     William repeats and re-alleges each of the preceding paragraphs of these Counterclaims as if fully set forth herein.

19.     An actual and justiciable controversy exists between William and Prime as to whether Prime's defense obligations under the Prime Policy will cease upon Prime's payment of indemnity amounts required under applicable financial responsibility laws, as opposed to whether payment of the full $5 million indemnity limit under the Prime Policy is required before Prime's defense obligations are terminated.

20.     A further justiciable controversy exists as to whether Prime is entitled to demand reimbursement from William, in his individual capacity, of any amounts paid by Prime on RMT's, Otuoyo's, or William's behalf in connection with the Accident.

21.     William's exposure to personal liability under the PGIA arises directly from, and is wholly derivative of, Prime's defense and indemnification obligations under the Prime Policy. To the extent Prime owes such defense and indemnification, William's exposure under the PGIA evaporates or is significantly reduced.

WHEREFORE, William requests the entry of judgment on this First Counterclaim against Prime as follows:

18

(a) Declaring that, until and unless Prime has resolved all claims arising from the Accident, no condition precedent has matured under the PGIA to give rise to William's personal liability, and that Prime is not entitled to assert PGIA-based personal liability against William in the interim;

(b) Declaring that Prime's defense obligation under the Prime Policy continues until Prime has paid its full $5 million indemnity limit, and may not be cut off by partial indemnity payments under any applicable financial-responsibility law;

(c) Declaring and adjudging that Prime is not entitled to demand reimbursement from William, in his individual capacity, of any amounts paid by Prime in defense or indemnification arising from the Accident;

(d) Awarding William his attorneys' fees as a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6);

(e) Interest and costs of suit; and

(f) Such other relief as the Court may deem just and proper.

## SECOND COUNTERCLAIM
### (Breach of Contract — Against Prime)

22. William repeats and re-alleges each of the preceding paragraphs of these Counterclaims as if fully set forth herein.

23. The Prime Policy, the Policy Receipt Form, and the PGIA collectively form the contractual relationship between Prime and the Insured, in which William participated as the signing representative of RMT.

24. Prime breached the Prime Policy and the PGIA by, among other things: (a) denying coverage for the Accident on grounds inconsistent with the parties' reasonable expectations and Prime's acceptance of Otuoyo as a Scheduled Driver effective January 8, 2024; (b) failing to

19

administer the policy in a manner consistent with its terms and applicable financial-responsibility requirements; (c) asserting personal liability against William under the PGIA notwithstanding Prime's own breaches and Prime's acceptance of premium for Otuoyo as a Scheduled Driver; and (d) refusing to honor its defense and indemnification obligations consistent with the Prime Policy.

25.      As a direct and proximate result of Prime's breaches, William has incurred, and will continue to incur, attorneys' fees, costs, and other damages associated with defending against the improperly-asserted Third-Party Complaint.

WHEREFORE, William requests the entry of judgment on this Second Counterclaim against Prime as follows:

(a) Compensatory damages, including all attorneys' fees, costs, and expenses William has incurred or will incur in defending against the Third-Party Complaint;

(b) Interest and costs of suit; and

(c) Such other relief as the Court may deem just and proper.

### THIRD COUNTERCLAIM
### (Declaratory Judgment — Unenforceability of the PGIA — Against Prime)

26.      William repeats and re-alleges each of the preceding paragraphs of these Counterclaims as if fully set forth herein.

27.      An actual and justiciable controversy exists between William and Prime as to whether the PGIA, and in particular its purported personal-guaranty provisions, are enforceable against William in his individual capacity.

20

28.    The PGIA's purported personal-guaranty provisions are unenforceable against William individually because, among other reasons:

(a) William signed the PGIA solely as a representative of RMT and not in his individual capacity;

(b) There was no independent consideration flowing to William personally in exchange for any personal guaranty;

(c) The personal-guaranty language was an unbargained-for boilerplate provision in a contract of adhesion drafted by Prime;

(d) The PGIA's structure, font, prominence, and contextual placement of the personal-guaranty language failed to provide adequate notice to William of personal liability exposure;

(e) The PGIA, as applied to William in his individual capacity, is unconscionable;

(f) Prime is estopped from enforcing the PGIA against William individually by reason of Prime's acceptance of premiums, prior course of dealing, and inconsistent conduct; and

(g) Enforcement of the PGIA against William individually would violate the reasonable expectations of the parties and the public policy of the State of New Jersey.

WHEREFORE, William requests the entry of judgment on this Third Counterclaim against Prime as follows:

(a) Declaring and adjudging that the PGIA, including its purported personal-guaranty provisions, is unenforceable against William in his individual capacity;

(b) Awarding William his attorneys' fees as a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6);

(c) Interest and costs of suit; and

(d) Such other relief as the Court may deem just and proper.

## FOURTH COUNTERCLAIM
### (Breach of Implied Covenant of Good Faith and Fair Dealing — Against Prime)

29.     William repeats and re-alleges each of the preceding paragraphs of these Counterclaims as if fully set forth herein.

30.     Every contract in New Jersey, including the Prime Policy, the Policy Receipt Form, and the PGIA, contains an implied covenant of good faith and fair dealing.

31.     Prime breached the implied covenant of good faith and fair dealing by, among other things:

(a) Issuing a manuscript policy with restrictive coverage triggers and unbargained-for personal-guaranty provisions that defeated the reasonable expectations of the Insured and its signing representative;

(b) Failing to provide adequate notice of policy limitations to William as the signing representative of RMT;

(c) Asserting personal liability against William under the PGIA based on a coverage denial that itself reflects Prime's failure to administer the Prime Policy in accordance with its terms and the parties' reasonable expectations;

(d) Pursuing personal liability against William under the PGIA in circumstances where Prime knows or should know that the underlying loss should have been covered under the Prime Policy; and

(e) Otherwise frustrating the reasonable expectations of the parties under the Prime Policy and the PGIA.

32.     As a direct and proximate result of Prime's breach of the implied covenant of good faith and fair dealing, William has incurred, and will continue to incur, damages.

22

WHEREFORE, William requests the entry of judgment on this Fourth Counterclaim against Prime as follows:

(a) Compensatory damages, including attorneys' fees, costs, and expenses;

(b) Punitive damages to the extent permitted by law;

(c) Interest and costs of suit; and

(d) Such other relief as the Court may deem just and proper.

## JURY DEMAND

Third-Party Defendant, both with respect to his defenses and his Counterclaims, hereby demands a trial by jury on all issues and claims so triable.

Dated: May 21, 2026

**THE KILLIAN FIRM, P.C.**
*Attorneys for Third-Party Defendant*
*and Third-Party Counterclaimant*
*Manal William*

By:  */s/ Dimitri Teresh*
Dimitri Teresh

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I caused the foregoing Answer of Third-Party Defendant Manal William to Third-Party Complaint, Affirmative Defenses, Counterclaims, and Jury Demand to be filed with the Clerk of the United States District Court for the District of New Jersey via the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

Dated: May 21, 2026

By: /s/ Dimitri Teresh
    Dimitri Teresh