STRIKOWSKY DRACHMAN & SHAPIRO PLLC

111 Broadway
Suite 1103
New York, NY 10006
(212) 970-7111
www.strikowsky.com

Bruce Strikowsky
Direct (646) 793-6515
Fax (212) 257-4066
Email: bms@strikowsky.com

November 16, 2026

**VIA ECF**

Hon. Stacey D. Adams, U.S.M.J.
United States District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07102

**RE: RM Transnational Ltd. v. Cragin & Pike, Inc. et al.**
**Case No. 2:25-CV-14666-MCA-SDA**

Dear Judge Adams:

We are counsel for Defendant/Third-Party Plaintiff Prime Property & Casualty Insurance Inc. ("Prime"). We write to address recent developments of consequence to the insurance coverage issues implicated here and, as a consequence, to request leave to amend Prime's pleadings on consent of all parties. Specifically, Plaintiff's documentary discovery revealed the involvement of a related corporate entity, SM Transnational Ltd. ("SMT"), and the existence of a policy of primary insurance carried by SMT, issued by Northbridge General Insurance Corporation ("Northbridge"), that may be implicated by the relevant automobile accident which gave rise to the present litigation (the "Accident"). As set forth below, we believe that SMT and Northbridge should be added to this suit for the sake of efficiency and to permit the Court to render more complete declaratory relief.

The present case is currently in discovery, and the parties have been in the process of document production and review. As of the date of this letter, scheduled fact witness depositions have yet to be held. Per the Court's most recent Amended Scheduling Order, dated August 24, 2026, the current deadline for fact discovery is November 30, 2026. Per the Court's prior Amended Scheduling Order, dated March 17, 2026, the deadline to request leave to file a motion to add new parties or amend pleadings expired on April 24, 2026. The next status conference in this case is scheduled to occur on December 4, 2026 at 2:30 p.m. via video conference. The rationale for our request is set forth below.

We have learned that the Plaintiff, RM Transnational Ltd. ("RMT"), had a self-described "sister company," SMT, involved in the maintenance and/or operation of the vehicle which was involved in the Accident. SMT may accordingly be liable for any damages arising therefrom.

Shortly after learning of SMT's involvement in the Accident, Prime contacted SMT's insurance carrier, Northbridge, on October 1, 2026, to tender the defense of RMT and its driver to Northbridge. After a reasonable time had passed such that Northbridge could complete its coverage investigation, Prime's counsel followed up on November 4, 2026, requesting that

STRIKOWSKY DRACHMAN & SHAPIRO PLLC



Northbridge provide its response to Prime's tender. On November 10, 2026, Northbridge responded without acknowledging coverage, thus creating the circumstance that litigation appears necessary.

Fed. R. Civ. P. 15(a)(2) provides that, when a party may not amend its pleading as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. Similarly, Fed. R. Civ. P. 14(a) requires the court's leave when a defendant seeks to file a third-party complaint against a nonparty more than 14 days after serving its original answer. Accordingly, Prime hereby seeks leave to file an amended pleading naming SMT and Northbridge as additional third-party defendants on consent of the parties, or, should the Court prefer, leave to file a motion seeking leave to amend.

We acknowledge that, given the prior April 24, 2026 expiration of the deadline for the parties to amend, Fed. R. Civ. P. 16(b)(4) requires a showing of good cause before leave to amend may be granted. Prime respectfully submits that the required showing of good cause is easily satisfied in the present case because Prime had no way of knowing the facts warranting amendment prior to the expiration of the deadline to amend. Prime did not learn about the facts implicating SMT and Northbridge until after Plaintiff had provided its initial disclosures and discovery responses. The parties' prior May 18, 2026 joint status update noted that Plaintiff had not provided *any* discovery materials to the parties as of that date, nearly a month after the expiration of the deadline for the parties to amend. This Court has previously permitted amendment in similar cases where one party's delay in providing discovery materials effectively caused the delays which prevented the amending party from seeking leave to amend prior to the expiration of the deadline set forth in a scheduling order. *See, e.g.*, *Cabrera v. Oliphant Fin., LLC*, No. 2:23-cv-22466-ES-SDA, 2025 U.S. Dist. LEXIS 142629, at *3-10 (D.N.J. July 25, 2025). Accordingly, Prime's request for leave to amend should be granted.

We respectfully submit that the interests of conserving judicial resources and maintaining an efficient discovery process would best be served by postponing the fact discovery deadline until a decision is reached on Prime's forthcoming motion for leave to amend or by permitting the newly-joined parties to participate in depositions.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

*s/ Bruce Strikowsky*

Bruce Strikowsky
STRIKOWSKY DRACHMAN & SHAPIRO PLLC
*Attorneys for Defendant/Third-Party Plaintiff*
*Prime Property & Casualty Insurance Inc.*

Cc: All counsel of record via ECF